UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDUL H. ABDULLAH,<br><br>                              Plaintiff,<br><br>        -against-<br><br>NYPD 30TH PRECINCT; P.O. RANDY DELGADO; P.O. M. DUCASSE; SERGEANT SMITH; LIEUTENANT EDWARDO CHANDRADEO,<br><br>                              Defendants. | 24-CV-0137 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues the 30th Precinct of the New York City Police Department ("NYPD"); NYPD Officers Randy Delgado, M. Ducasse; NYPD Sergeant Smith; and NYPD Lieutenant Edwardo Chandradeo. By order dated January 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that the events giving rise to his claims occurred on November 30, 2023, at the intersection of 145th Street and Broadway in Manhattan. In his statement of facts, Plaintiff alleges, "An illegal seizure and search occurred kidnapping and falsely imprison me confiscating

my automobile an[d] my personal property by Sergeant Smith[,] Officer Delgado, [and] M.

Ducasse witness[ed] by my nephew Georgie." (ECF 1, at 4.)[1]

Plaintiff further alleges that he suffered "[d]efamation of character"; he was "[d]eprived

of water causing dehydra[]tion"; he was "subject to unsan[]itized condition in the bathroom,"

and he was "lock[ed] up in a cold prison cell without [a] sweater or jacket causing flu like

symptoms" that caused him to "stay at home for two weeks." (*Id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by state officials and

seeks money damages, his claims arise 42 U.S.C. § 1983. To state a claim under Section 1983, a

plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States

was violated, and (2) the right was violated by a person acting under the color of state law, or a

"state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.   NYPD 30th Precinct

Plaintiff's claims against the NYPD's 30th Precinct must be dismissed because an agency

of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll

actions and proceedings for the recovery of penalties for the violation of any law shall be brought

in the name of the city of New York and not in that of any agency, except where otherwise

provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also*

*Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard
capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are
as in the original unless otherwise indicated.

generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD's 30th Precinct.[2] *See* N.Y. City Charter ch. 17, § 396.

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of New York, however, the Court construes the complaint's claims against the 30th Precinct as asserting claims against the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy, practice, or custom that has caused a violation of his constitutional right. Moreover, as discussed

---

[2] The NYPD's 30th Precinct is not a "person" within the meaning of Section 1983. *See DeJesus v. Squad*, No. 19-CV-6497, 2019 WL 3958404, at *2 (S.D.N.Y. Aug. 21, 2019) (holding "42nd Precinct Detective Squad" not a "person" under Section 1983 (citing, *inter alia*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)); *see also Zuckerman v. App. Div., Second Dep't S. Ct.,* 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. Section 1983).

below, Plaintiff has not alleged facts suggesting an underlying constitutional violation. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (absent an underlying constitutional violation, there can be no *Monell* liability). If Plaintiff names the City of New York as a defendant in his amended complaint, he must allege facts suggesting that the City has a policy, practice, or custom that caused a violation of his constitutional rights.

**B.**     **False Arrest**

Plaintiff's allegations that he was "kidnap[ed]" and "falsely imprison[ed]" suggest he may be attempting to assert a claim for false arrest.[3] The Court first looks to state law to establish the elements of a false arrest claim under Section 1983. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) (Alito, J, dissenting) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State), *abrogated on other grounds*, *Thompson v. Clark*, 596 U.S. 36 (2022).

Under New York law, to state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise

---

[3] Although Plaintiff characterizes his claim as one for false imprisonment, the "elements of a claim for false imprisonment made pursuant to Section 1983 are the same as those for false arrest," *Copeland v. New York City Police Dep't*, No. 97-CV-4224 (DLC), 1998 WL 799169, at *2 (S.D.N.Y. Nov. 13, 1998), and thus, "the claims are analyzed in identical fashion," *Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005); *see also Leibovitz v. Barry*, No. 15-CV-1722 (KAM), 2016 WL 5107064, at *8 (E.D.N.Y. Sept. 20, 2016) (analyzing false arrest and false imprisonment claims under both Section 1983 and New York law as "essentially the same causes of action"); *Murry v. Williams*, No. 05-CV-9438 (NRB), 2007 WL 430419, at *5 (S.D.N.Y. Feb. 8, 2007) ("[W]e consider claims of false arrest and false imprisonment to be synonymous causes of action, as the elements of both claims under New York law are the same." (citing *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999))).

privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Plaintiff does not provide any facts about the circumstances leading up to his arrest or alleged false imprisonment. His allegations therefore are not sufficient to state a claim for false arrest under Section 1983.

## C.      Seizure of Property

The Court construes Plaintiff's allegations that police officers confiscated his automobile and his "personal property" as attempting to assert a claim that he was deprived of his property in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the

risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random and unauthorized deprivation of a person's property interest will occur, it would be impossible to provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*, 468 U.S. at 532-33. Accordingly, New York State law provides postdeprivation remedies to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful postdeprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover

seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

Here, Plaintiff alleges no facts showing that he has pursued any of these state remedies, nor any facts showing that these remedies are inadequate. Plaintiff therefore fails to state a claim under Section 1983 that Defendants deprived him of his property without due process.

**D.      Conditions of Confinement**

Plaintiff alleges that he while he was detained in an unspecified facility, he was subjected to unconstitutional conditions of confinement. Because it appears that Plaintiff was a pretrial detainee during the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "[A] detainee's rights [under the Fourteenth Amendment] are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

To state such a conditions-of-confinement claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Id.*

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974,

978 (2d Cir. 1972)). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The mere negligence of a correction official is not a proper basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

1. Dirty bathroom

Plaintiff alleges that he was subjected to an "unsan[]itized condition" in the bathroom of an unspecified facility (ECF 1, at 5), but he does not allege any facts describing the nature of the condition of the bathroom. Nor does Plaintiff allege any facts suggesting that the conditions in the bathroom posed an unreasonable risk of serious damage to his health or that any individual defendant acted deliberately to impose the condition or recklessly failed to mitigate the condition. Plaintiff therefore fails to state a conditions-of-confinement claim arising from the condition of the bathroom at the facility where he was held.

2. Deprivation of water

To amount to a constitutional violation, a deprivation of food or nutrients must create a serious danger to the health of the inmate. *See, e.g.*, *Hutto v. Finney*, 437 U.S. 678, 683, 687 (1978) (holding in the context of the Eighth Amendment, a diet of fewer than 1,000 calories per day would be "intolerably cruel for weeks or months"); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) (holding that placing plaintiff on a nutritionally inadequate restricted diet for

fourteen days was likely to cause serious harm); *Dixon v. Fishkill Corr. Fac.*, No. 17-CV-1123 (NSR), 2019 WL 2866489, at *3 (S.D.N.Y. July 2, 2019) (plaintiff's allegations that he did not receive a meal for over 30 hours on three occasions during a single week and that the food he was served was nutritionally inadequate amounted to a substantial deprivation of food under the Eighth Amendment).[4]

Here, Plaintiff alleges that he "[d]eprived of water causing dehydra[]tion." (ECF 1, at 5.) He does not, however, allege facts describing the length of time for which he was deprived of water or the physical effects of such deprivation. Furthermore, Plaintiff does not allege facts suggesting that any individual defendant acted intentionally or recklessly in imposing or failing to alleviate the dangerous condition. Plaintiff therefore fails to state a claim that his alleged denial of water rises to the level of a constitutional violation.

3.    Cold temperature

A prisoner's exposure to excessively hot or cold temperature may give rise to a constitutional violation. *See, e.g.*, *Gaston v. Coughlin*, 249 F.3d 156, 165 (2d Cir. 2001) (holding that a prisoner's exposure to "temperatures near or well below freezing for a five-month period" stated an Eighth Amendment claim); *Lopez v. Phipps*, No. 18-CV-3605, 2019 WL 2504097, at *7 (E.D.N.Y. June 17, 2019) ("[C]ourts in this Circuit have held that excessively hot or cold temperature may give rise to a constitutional violation."); *Wingate v. Robert N. Davoren Center*, No. 12-CV-5521 (ALC), 2013 WL 4856573, at *3 (S.D.N.Y. Sept. 10, 2013) ("Many courts, including the Second Circuit, have held excessively hot or cold conditions may be a constitutional violation." (citation omitted)). While there is no "'bright-line durational or severity

---

[4] The objective prong of the deliberate indifference standard is the same under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. *See Darnell*, 849 F.3d at 30.

threshold' that a deprivation must meet," *Collins v. Fischer*, No. 15-CV-103 (KMK), 2018 WL
1626528, at *7 (S.D.N.Y. Mar. 30, 2018) (quoting *Darnell*, 849 F.3d at 32), courts have generally
found that allegations of exposure to mildly cold temperatures, or where the exposure to cold
was short term, did not support claims of a constitutional deprivation, *see Miller v. Netto*, No.
3:17-CV-0362 (KAD), 2019 WL 4646973, at *9 (D. Conn. Sept. 24, 2019) (no constitutional
violation based on pre-trial detainee's "expos[ure] to cold temperatures for at most, nineteen
hours"); *Brims v. Ramapo Police Dep't*, No. 11-CV-712 (VB), 2011 WL 7101233, at *5
(S.D.N.Y. Dec. 23, 2011) ("Cases where plaintiffs have succeeded on those claims . . . involve
allegations of exposure to freezing or near-freezing temperatures for a more prolonged period of
time than eleven hours."); *Stevens v. City of New York*, No. 10-CV-5455 (PGG), 2011 WL
3251501, at *4 & n.2 (S.D.N.Y. July 22, 2011) (no constitutional violation when plaintiff alleged
that he "was housed in a cell with a broken window – which was 'somewhat' covered by a
garbage bag" for up to four days in mid-May).

Here, Plaintiff alleges he was "lock[ed] up in a cold prison cell without [a] sweater or
jacket causing flu like symptoms." (ECF 1, at 5.) He does not, however, allege facts describing
how long he was held in the cold cell or the severity of the temperature of the cell. While he
alleges that he experienced "flu like symptoms" as a result of being placed in a cold cell, he does
not allege any facts suggesting that the symptoms he experienced constituted an unreasonable
risk of serious damage to his health. Furthermore, Plaintiff does not allege facts suggesting that
any individual defendant acted intentionally or recklessly in placing him in the cold cell.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts
generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its
defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his Section 1983 claims for false arrest, deprivation of property without due process, and unconstitutional conditions of confinement. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD's 30th Precinct. *See* N.Y. City Charter ch. 17, § 396.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0137 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[5]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[5] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 29, 2024
        New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          ____ Civ. _____ ( ____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                            **COMPLAINT**

                              -against-

_____          Jury Trial:  ☐ Yes      ☐ No
_____                              (check one)
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names.  The names*
*listed in the above caption must be identical to those contained in*
*Part I.  Addresses should not be included here.)*


**I.       Parties in this complaint:**

A.       List your name, address and telephone number.  If you are presently in custody, include your
         identification number and the name and address of your current place of confinement.  Do the same
         for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.       List all defendants.  You should state the full name of the defendant, even if that defendant is a
         government agency, an organization, a corporation, or an individual.  Include the address where
         each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
         contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                            1

Defendant  No.  1     Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

Defendant  No.  2     Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

Defendant  No.  3     Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

Defendant  No.  4     Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions               ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

        _____

        _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

        Signature of Plaintiff     _____

        Mailing Address            _____

                           _____

                           _____

        Telephone Number         _____

        Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff:    _____

        Inmate Number            _____