UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2026

ABDUL H. ABDULLAH,

                Plaintiff,

      -v-

RANDY DELGADO, *et al.*,

                Defendants.

**COMBINED ORDER
AND REPORT AND
RECOMMENDATION**

24-CV-137 (MMG) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Margaret M. Garnett, United States District Judge:**

Plaintiff Abdul H. Abdullah ("Plaintiff") filed this action against NYPD 30th Precinct, P.O. Randy Delgado, P.O. M. Ducasse, Sergeant Smith, and Lieutenant Edwardo Chandradeo ("Defendants") on January 2, 2024. Since then, Plaintiff has failed to respond to discovery requests. Accordingly, the undersigned respectfully **RECOMMENDS** that this case be dismissed without prejudice. Additionally, the undersigned hereby **ORDERS** that Plaintiff's Demand Notice to Compel Defendant to Answer Interrogatory Questions, ECF No. 48 (the "Demand Notice"), and Motion to Sanction Defense Counsel, ECF No. 54 (the "Sanctions Motion"), are **DENIED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on January 2, 2024, ECF No. 1, and an Amended Complaint on March 6, 2024, ECF No. 5. By Order of Reference, dated October 24, 2024, this case was referred to the undersigned for general pretrial and settlement. ECF No. 20. After service-related delays and adjournments, an initial case

1

management conference was held on March 4, 2025.  ECF No. 26.  A case management plan setting a discovery deadline of July 7, 2025 was entered that same day.  ECF No. 27.

On July 7, 2025, Defendants requested an extension of the discovery deadline because Plaintiff had not responded to discovery demands.  ECF No. 32.  The Court granted this extension on July 21, 2025.  ECF No. 33.  On August 12, 2025, Defendants filed a letter motion to compel Plaintiff to respond to interrogatories and production requests.  ECF No. 37 (the "Motion to Compel").  Plaintiff was directed to file a response by August 26, 2025, but did not do so.  ECF Nos. 38, 39. The undersigned granted a *sua sponte* extension until August 29, 2025, but Plaintiff still failed to respond.  ECF No. 39.

The undersigned held a conference with the parties on September 3, 2025, and directed Defendants to file a supplemental letter brief in support of their Motion to Compel.  ECF No. 41.  Defendants did so on September 10, 2025, ECF No. 42, and Plaintiff did not file a response.  *See* ECF No. 43.  On September 29, 2025, the undersigned granted Defendants' Motion to Compel and warned Plaintiff that failure to provide discovery responses could result in sanctions, including a recommendation that Plaintiff's claims be dismissed.  ECF No. 44.

On November 10, 2025, Defendants filed a letter requesting that the Court dismiss this case due to Plaintiff's continued failure to respond to discovery requests.  ECF No. 45.  The undersigned scheduled a conference with the parties on December 8, 2025 to address Defendants' letter.  ECF No. 46.  Plaintiff then filed

seemingly duplicative documents labeled "Demand Notice to Compel Defendant to Answer Interrogatory Questions from Plaintiff" on November 13, 2025.  ECF Nos. 47, 48.

On December 8, 2025, the undersigned held a conference with the parties and entered an order stating:

> Plaintiff shall have **one final chance** to respond to Defendants' discovery requests by filing his responses on the docket in this action by **December 22, 2025**.  Plaintiff is again warned that **failure to provide discovery responses will result in the undersigned recommending that this case be dismissed** for failure to participate in discovery.

ECF No. 52 (the "December 8 Order") (emphasis in original).  Instead of complying with this order, on December 22, 2025, Plaintiff filed the Sanctions Motion and a belated opposition to Defendants' Motion to Compel, which had been granted already.[1]  ECF Nos. 54, 55.  On December 26, 2025, Defendants filed a letter requesting that Plaintiff's claims be dismissed for failing to comply with discovery obligations and the Court's orders.  ECF No. 57.

## II.    DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against

---

[1] By failing to serve responses and objections to Defendants' discovery requests despite being ordered to do so, Plaintiff waived any objections thereto.  Even if treated as timely-served responses and objections, Plaintiff's opposition failed to respond to each interrogatory under Rule 33(b)(3) of the Federal Rules of Civil Procedure or to respond to each document request under Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure.  *See* ECF No. 55.

it." Despite the special solicitude given to *pro se* litigants, "even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) (citing *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104 (W.D.N.Y. 1998)).

Additionally, Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure permits a court to dismiss an action in whole or in part where a party fails to comply with a discovery order. To determine whether such sanctions are warranted, courts in this Circuit consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non–compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (citing *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)). Here, all four factors weigh in favor of dismissal.

### A. Plaintiff Willfully Failed To Comply With Discovery Orders and a Lesser Sanction Would Be Inadequate

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Sean Thompson, M.D. v. Jamaica Hosp. Med. Ctr.*, No. 13-CV-1896, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015) (quoting *In re Fosamax Prods. Liab. Litig.*, No. 6-MD-1789, 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013)). Plaintiff has received clear

4

orders that he must respond to Defendants' discovery demands or face dismissal of this action. At the December 8, 2025 conference, the undersigned explained to Plaintiff his discovery obligations, and Plaintiff indicated that he understood the Court's instructions. However, despite these clear instructions, instead of complying with the December 8 Order, Plaintiff filed the Sanctions Motion, demanding that *Defendants* be sanctioned for discovery abuse. Moreover, Plaintiff has not provided any reason why he cannot comply with his discovery obligations. Therefore, Plaintiff's failure to comply is willful.

Moreover, it does not appear that a lesser sanction would be effective. This is not Plaintiff's only case where he has failed to comply with his discovery obligations. Indeed, *Abdullah v. 28th Precinct, et al.*, No. 24-CV-124 was dismissed on July 29, 2025 due to Plaintiff's failure to participate in discovery, s*ee* Dkt. Nos. 50, 53, and *Abdullah v. Sergeant Seyed N. Huda, et al.*, No. 24-CV-139, was dismissed on November 24, 2025 for the same reason. *See* Dkt. Nos. 52, 53. Because Plaintiff continues to flout court orders regarding his discovery obligations, no sanction less than dismissal would be effective.

### B.   Plaintiff's Failure to Comply—Despite Numerous Warnings—Has Significantly Delayed the Case

The Court first learned of Plaintiff's discovery failures from Defendants' July 7, 2025 letter, ECF No. 32, requesting an extension of time to complete discovery because Plaintiff had not served responses to Defendants' interrogatories and document requests. Fact discovery was initially scheduled to close on July 7, 2025. ECF No. 27. Now, nearly *six months later*, Plaintiff still has not served discovery

responses.  This lengthy delay warrants dismissal.

Further, Plaintiff's noncompliance despite numerous warnings has resulted in Defendants and the Court expending extensive time and effort.  After Defendants filed their Motion to Compel on August 12, 2025, the Court directed Plaintiff to respond and scheduled a conference on September 3, 2025.  ECF No. 38.  The undersigned held a conference on September 3, 2025, granted Plaintiff's Motion to Compel on September 29, 2025, ECF No. 44, and held another conference on December 8, 2025 after Plaintiff's continued noncompliance.  At each conference, the undersigned warned Plaintiff that failure to comply with his discovery obligations could result in sanctions and Plaintiff continued to disregard these warnings.  Therefore, the significant delay caused by Plaintiff's noncompliance and his failure to comply despite numerous warnings warrants dismissal.

### C.    Plaintiff's Motions Are Moot

Instead of complying with the December 8 Order, Plaintiff filed the Sanctions Motion.  Plaintiff also filed the Demand Notice on November 13, 2025, which sought to compel Defendants to respond to interrogatories despite Plaintiff's own failure to do so and despite the close of fact discovery months earlier.  Not only do these filings disregard the Court's orders, but they also do not comply with the requirements set forth in Rule II of the undersigned's Individual Rules and Practices for Civil Cases.  Because these filings defy the undersigned's repeated orders for Plaintiff to comply with *his* discovery obligations, and because this case should be dismissed, the motions at ECF No. 48 and 54 are **DENIED**.

6

## III.    CONCLUSION

For the foregoing reasons, the undersigned respectfully

**RECOMMENDS** that Plaintiff's case be dismissed without prejudice.

Additionally, pursuant to the Order of Reference entered in this case, ECF No. 20, the Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 48 and 54 as **DENIED** and to mail a copy of this Combined Order and Report and Recommendation to the pro se Plaintiff.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Margaret M. Garnett, United States Courthouse, 40 Foley Square, New York, NY 10007. Any requests for an extension of time for filing objections must be directed to Judge Garnett.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 5, 2026
     New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge