USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/17/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABDUL H. ABDULLAH,

                Plaintiff,

       -against-

RANDY DELGADO et al.,

                Defendants.

---

24-CV-00137 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This Section 1983 case was referred to Magistrate Judge Ricardo for general pretrial and settlement. *See* Dkt. No. 20. On December 26, 2025, Defendants filed a letter requesting the dismissal of the case for failing to comply with discovery requirements and court orders. *See* Dkt. No. 57. On January 5, 2026, Judge Ricardo issued a Report and Recommendation (the "R&R") recommending dismissing the case without prejudice. Dkt. No. 58. The R&R recommended dismissing the case pursuant to Federal Rules of Civil Procedure 41 and 37 for failure to prosecute and failure to comply with discovery orders. In support of the recommendation, the R&R cited Plaintiff's repeated failure over the past six months to comply with both his discovery obligations and court orders requiring his compliance. Dkt. No. 58 at 4–5.

On January 16, 2026, the Clerk of Court received a letter from Plaintiff that included objections to the R&R. Dkt. No. 59. In the objections, Plaintiff raised the following arguments: (1) "[a]ny recommendation that dismisses Plaintiff's claims without full factual development violates due process;" and (2) "Municipal liability is proper under 'Monell v. Dep't of Soc. Servs.', 436 U.S. 658 (1978)." Plaintiff's objections did not address Plaintiff's failure to comply with discovery obligations or court orders.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal.").

In the present case, the R&R advised the parties that they had fourteen days from service of the R&R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 58 at 7. In addition, the R&R expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Although Plaintiff filed purported objections to the R&R, the objections did not address the issues raised in the R&R. Accordingly, Plaintiff has waived the right to object to the R&R or to obtain appellate review. *See, e.g., Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that, although a party filed objections to a report and recommendation, objections to a particular claim were "not specific enough to preserve" the claim for review); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the motion and the R&R unguided by objections, and finds the R&R to be well reasoned and grounded in fact and law. The R&R analyzed each factor relevant to dismissal pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Furthermore, it detailed the repeated warnings provided to Plaintiff of sanctions, including dismissal, if he continued to disregard court orders and warnings. Dkt. No. 58 at 5–6. Dismissal of this action is appropriate under these circumstances. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal of a case pursuant to Federal Rule of Civil Procedure 37 where a *pro se* Plaintiff failed to participate in discovery for over six months and defied all of [the magistrate judge's] orders, each of which warned of the possibility of sanctions, including dismissal."). Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated: February 17, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2